UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN MALOY,

        Plaintiff,

                                    Case No. 16-13281

v.

                                  HONORABLE AVERN COHN

TARGET CORPORATION,

        Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 3)**
**AND DISMISSING CASE**

I. Introduction

This is a tort case. Plaintiff Karen Maloy is suing defendant Target Corporation (Target) for negligence involving a bottle of maple syrup and pancake mix falling off a shelf and hitting her. She alleges she suffered a closed head injury as a result.

Before the Court is Target's motion for summary judgment. For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

II. Background

A. Procedural History

Maloy filed her complaint in state court on August 24, 2015. There were substantial proceedings in state court, including Target filing a motion for summary disposition. However, the parties proceeded to case evaluation before the state court ruled on Target's motion. On August 31, 2016, Target received Maloy's case evaluation

summary in which she claimed damages of $367,858.70. Target then removed the case to federal court on September 12, 2016, within 30 days of receipt of her damages claim.

B. Factual

Maloy's version of the events is reflected only in her deposition testimony. On December 13, 2014, Maloy was at the Target store in Dearborn shopping with her daughter. Maloy reached overhead to get a bottle of syrup which was on a higher shelf. While doing so, she says a larger bottle of syrup and a large box of pancake mix fell from the shelf and stuck her in the head. At deposition, she testified that the bottle of syrup that fell on her may have landed in her shopping cart. As to the pancake mix, she testified at deposition that she first noticed it when "the box was on her arm." Maloy testified several times that she was "stunned" after the incident and could not recall many details.

Maloy's testimony does not indicate how the syrup and pancake mix were stacked on the shelf. One can presume from general knowledge, that both items were on shelves above her since Maloy says she was reaching overhead when they fell on her. However, it is not known which shelf they were on, whether they were on the same or different shelves, or how they were positioned on the shelves, i.e. was one item stacked one directly on top of the other? Also not in the record is how many shelves there were.

There are two photographs in the record which are contained as still shots on the surveillance video Target provided. The first is of a bottom shelf which shows a price sign for pancake mix and some large boxes of pancake mix. There is a gap on the

bottom shelf where a box of pancake mix would be placed.  A second photo shows a large box of pancake mix on the same bottom shelf in the gap area from the first photo.  The top of the box of pancake mix appears to be slightly damaged.  Neither photo presents a clear picture of the shelves in question.

The record also contains "A Guest Incident Report" completed by a Target employee.  It describes Maloy's description of the events as follows: "reaching for pancake syrup a box of pancake mix and syrup hit the guest in the right temple."  In response to the question "What was the cause of the incident?" it states" "everything off the shelf came down on her head."  There is also a "Team Member Witness Statement" filled out by a Target employee.  The statement reads: "Guest claimed a pancake mix hit her.  A pancake box hit her in the head."  It goes on: "The pancake mix is on the bottom shelf and no product was disturbed.  Video shows nothing hit her."

A video of the store area in question is also part of the record.  The video is not of good quality and only shows Maloy in the extreme upper left corner.  At best, it shows Maloy pushing a shopping cart, reaching overhead, and then bending down.  No items are observed falling on Maloy.  However, given the poor quality and other obstructions in the video, for purposes of the motion, the Court must accept Maloy's version of events, i.e. assume that a bottle of syrup and pancake mix fell on her based on her limited description.

### III.  Analysis

#### A.  Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to

3

a judgment as a matter of law." FED. R. CIV. P. 56(c).  There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law."  In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).  In so doing, the Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).

B.  Tort Liability[1]

1.

To establish a prima facie case of negligence, a plaintiff must prove four elements:  (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages.  Case v. Consumers Power Co, 463 Mich. 1, 6 (2000). "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status."  Hampton v. Waste Mgmt of Michigan, Inc., 236 Mich. App 598, 603 (1999).

Here, Maloy was an invitee because she was on Target's premises which was

---

[1] Because the basis for the Court's jurisdiction is diversity, the Court must apply the substantive law of Michigan as interpreted by the Michigan Supreme Court.  Reid v. Volkswagen of America, Inc., 575 F.2d 1175, 1176 (6th Cir. 1978).

4

held open for a commercial purpose. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." Lugo v. Ameritech Corp, 464 Mich. 512, 516 (2001). An unreasonable risk of harm is one "caused by a dangerous condition of the land' that the landowner knows or should know the invitees will not discover, realize or protect themselves against." Bertrand v. Alan Ford, Inc., 449 Mich. 606, 609 (1995) (citing Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 499 (1988)).

IV. Discussion

Target says that there is insufficient evidence to conclude that the syrup and pancake mix were juxtaposed on the shelf or shelves so as to present a dangerous condition for which it should be liable. Target also asserts that Maloy has no evidence that the syrup and pancake mix caused her injuries.[2] Putting aside whether there was a dangerous condition at all, the overall question is whether Target knew of any condition related to the position of the syrup and pancake mix that posed an unreasonable risk of harm to Maloy. In other words, is there sufficient evidence in the record to present a genuine issue of material fact that Target had notice of a condition presented by the syrup and the pancake mix and failed to protect Maloy from harm? The answer is no.

In Lowrey v. LMPS & LMPJ, Inc., 500 Mich. 1, 4 (2016), the Supreme Court recently articulated the parties' burdens on summary judgment in premises liability

---

[2]Target also asserts that Maloy cannot prevail on a theory of res ipsa loquitor. Maloy in response says she is not asserting this theory. As such, the Court will not address it.

cases:

> To prevail on her claim, plaintiff had to establish that defendant, as a premises owner, possessed actual or constructive notice of the dangerous condition. We have described liability based on a premises owner's notice of a dangerous condition as follows:
>> The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it. [Carpenter v. Herpolsheimer's Co., 278 Mich. 697, 698; 271 N.W. 575 (1937) (citation omitted).]
>
> Therefore, in order to show notice, plaintiff had to demonstrate that defendant knew [of the dangerous condition] or should have known of it because of its character or the duration of its presence. See, e.g., Serinto v. Borman Food Stores, 380 Mich. 637, 640–641; 158 N.W.2d 485 (1968) (stating that premises liability exists when the hazard is "known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it") (emphasis omitted).

The record fails to show any evidence of notice of any unsafe condition. Maloy testified she has no idea how or why the syrup and pancake mix fell on her. Maloy also testified that she did not see anything that looked dangerous about the shelf and that nothing looked out of place or tilted. She also testified that she did not see anyone do anything that could cause the items to fall. She further testified that the shelf did not move. At best, she says that the shelf or shelves were not properly stocked. In her brief, she describes the items as "precariously perched on the shelf." This testimony, with no supporting evidence as to how the items were positioned, is nothing more than speculation. There is nothing in the record to show how they were stacked or otherwise positioned in such a way which created a danger to her. Maloy's vague testimony simply does not rise to the level from which a reasonable juror could find that Target knew of, or should have known of, an unsafe condition and failed to protect her. "A plaintiff may not simply claim ignorance of the impetus of an accident, make baseless

guesses at why the accident happened, and still expect to prevail on a negligence claim." <u>Boyer v. Target</u>, 2005 WL 602563 at *2 (Mich. Ct. App. Mar. 15, 2005). As such, Target is entitled to summary judgment.

    SO ORDERED.

<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2017
      Detroit, Michigan